# Motion for Procedural Oversight and to Address Attorney Misconduct Filed Separately from the Kalamata Reversal Hearing

*16 480 Fairway*
*Continue to 800 22*

**Case No.** *Case 24-16918-KHT*

Honorable Judge Tyson

FILED
CLERK OF COURT

JUN   4 2025

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

I respectfully submit this Motion to request the court schedule a hearing to address serious concerns regarding the misconduct of the attorney misconduct.

The  that the attorney engaged in misconduct during the course of these proceedings, including but not limited to:

- Unauthorized outside communication with opposing counsel email sent on April 23,2025 outside of the judicial process. Corrective action on Judicial process was not adhered to until place on June 4th 2024 this cost a substantial loss for my case
- Collusion and conspiracy to improperly influence the court
- Breach of fiduciary duty and ethical obligations
- Actions that obstruct justice or otherwise undermine the integrity of the judicial process
- Exhibits attached# 1,2,3,4

This misconduct has prejudiced my case, impaired my rights, and compromised the fairness of these proceedings. I believe a formal hearing is necessary for me to present evidence, testimony, and arguments concerning these allegations, and to seek appropriate remedies.

**Therefore, I respectfully request the court to:**

1. Schedule a hearing to investigate the alleged misconduct of the trustee and attorney;
2. Provide me an opportunity to be heard and to present evidence on these issues;
3. Take any further appropriate actions to address the misconduct and protect my rights.
4. **My civil rights have been violated through actions that constitute tortious interference with my legal and property interests. The trustee and involved parties have failed in their duty to act in accordance with their fiduciary responsibilities, intentionally engaging in conduct that impairs my rights and undermines the integrity of the proceedings. I request the court to investigate these violations and to uphold my rights under the law.Any properties sold or transferred by the trustee moving forward will be considered unlawful and invalid until the court has addressed and resolved the serious concerns regarding the trustee's breach of fiduciary duty and misconduct in this**

**case.As a result of the misconduct at the last hearing, I have incurred new damages and losses.**

Marra D. Pree        4-4-25

346 - 5541- 9725

Leodreamgoddess@gmail.com



John Bankruptcy Law 📞 ⋮



be relieved from the stay on 5th?

Please send the motion front Kalamata in email.

will objection so they can sell the home and the proceeds will be more towards my estate

Exibit #1

Michelle Lien Staty we will object To my Lawyo

⊕ RCS mes... ☺   

← John Bankruptcy Law 📞 ⋮

Saturday, Apr 26 • 1:31 PM

Did you ever receive correspondence from the judge stating he made a mistake on his ruling? I'm waiting to look at this

Tuesday, Apr 29 • 5:57 PM

Do I send the Mortgage payment to you? I received a

⊕ RCS mes...  ☺  🖼️  ⑈

EXIBIT
#
1

4-26-25
3 days after
4-23-25
he had Alreadysat one
sent email to
Oprsing connicul

Expat TA
ⓐ Interfercu
ⓑ Obsclution

My Attorny

Continue withoud
Juclicial Process
In Place.





## Motion to dismiss issues
1 message

**Dream Goddes Lee** <leedreamgoddes@gmail.com>
To: John Scanlan <jvscanlan@circlelaw.net>

Sat, May 3, 2025 at 12:37 AM

The opposing counsel is making the case for me that we must object to protect me.

The opposing counsel's statement that "to avoid a lien is straightforward and clear" suggests they believe the legal process or requirements to challenge or avoid a lien are simple and unambiguous.
This often indicates they see no ambiguity or complexity in the case, and that their position is that the process they are pursuing is clear-cut and proper.

==Please send the email you sent to Kalamata on the 23rd. I need to see if this is to my best interest.==

*Me Requesting email from my Attorny*

**Implications:**
- They may argue that their motion or approach should be accepted without further dispute because the procedure and law are straightforward.

- If you disagree or believe there are complexities or issues, it might be important to highlight any relevant facts, legal nuances, or defenses that could complicate or challenge their view.

I'm working on the Bellco issue over the weekend. I will review past information submitted to the courts. Did you meet with Berry and Tom ?

*Ms. Michelle D. Lee*
*Business Entrepreneurship*
*Franchise Goddess /Mental Health Coach*



https://zs.uccs.edu/michelle-lee.html

EXIBH #3

FURTHER ORDERED that this Order may be recorded in the records of the Clerk and Recorder **of any county in which the Debtor owns property**, to evidence the same

Proposed Order Avoiding Lien (Docket # 47-1)(Emphasis added).

8.    On January 29, 2025, the Court signed Debtor's proposed order making it an Order of Court (Docket No. 65).

9.    Within two days of entry of the Order, Debtor recorded the Order in Denver, Arapahoe, and Adams Counties, *See* Exhibit A, thereby modifying and avoiding all of Kalamata's judgment liens, even as to non-exempt, non-homesteaded, investment real estate property. The following is a summary of the recording of the Order:

| County | Date of Recording | Reception No. |
|---|---|---|
| Denver County | January 30, 2025 | 2025007599 |
| Arapahoe County | January 30, 2025 | E5006914 |
| Adams County | January 31, 2025 | 2025000005400 |

10.    On April 7, 2025, undersigned received a voice message from the Chapter 7 Trustee, Tom Connolly, regarding "improperly released judgment liens." Undersigned spoke with Trustee Connolly on April 8. Trustee Connolly indicated that as trustee, he had been preparing to proceed against the investment properties on behalf of the estate, when he noticed the recorded order and the included language releasing all liens held by Kalamata. Trustee Connolly checked with the Court's law clerk who indicated that there had been a mistake and the Court had not intended to avoid any lien other than the one impairing Debtor's homestead exemption, and the order had been erroneously approved.

*Duty to care* [handwritten]

*Did the Judge Approve than her* [handwritten]

11.    On April 23, 2025, Debtor's counsel confirmed by email to undersigned that

Debtor does not oppose this Motion.

*Tom had no Idea the liens were Improperly Released.* [handwritten]

*Clerks - TORT Interference* [handwritten]

**LEGAL ARGUMENT**

12.    Relief from a judgment or order may be obtained under F.R.C.P. 60. F.R.C.P.60(a) allows the court to correct either a clerical mistake or a mistake arising from oversight or omission. The correction may be done on motion or of the court's own

*Cleark stated there had been a mistake.* [handwritten]

*EXHIBIT #4* [handwritten]

volition, with or without notice. "Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record." *Gronewoller v. Mascio (In re Mascio)*, No. 3-1482 MER, 2014 Bankr. LEXIS 2588, at \*23-24 (Bankr. D. Colo. June 12, 2014)(citing *Allied Materials Corp. v. Superior Prods. CO.*, 620 F2d 224, 226 (10th Cir. 1980)).

13.      ==Debtor's Motion to Avoid Lien is straightforward and clear.== It seeks to avoid the judicial lien placed on the residence of Debtor based upon her claimed homestead exemption. It is entirely consistent with any other Motion to Avoid Lien; it is warranted by law; and it is completely appropriate in this case, given the number, amount, and priority of liens recorded against the Debtor's homestead. Unfortunately, her proposed order is inconsistent with the relief sought in the motion and the Court inadvertently signed the proposed order as written. Further, as there is no legally cognizable claim of exemption for real property beyond the homestead exemption, it is highly unlikely that the Court intended the effect of the order avoiding Kalamata's judicial liens on every piece of property owned by debtor. *until the Voiceyail 3monts Later VM* [handwritten]

14.      As quoted by Judge Romero *In re Mascio*, "Rule 60(a) may be invoked to make a judgment or order reflect the actual intentions of the court, plus necessary implications. The court thus has much wider latitude under Rule 60(a) motions to insure that its orders do not contain such errors and oversights in this respect than it does under Rule 60(b)." In re Mascio, *Id.* at \*24-25, (quoting *In re Reed*, No. 03-40669-7, 2007 Bankr. LEXIS 2337, 2007 WL 2023577, at \*4 (Bankr. D. Kan. July 9, 2007)).

15.      Because Debtor's Motion to Avoid Lien only addressed the lien recorded in Adams County against the homesteaded property at 16480 Fairway Drive in Adams County and specifically requested relief only as to that lien and that property, and furthermore, because it appears that it was the Court's intention to grant only that relief specifically requested in the motion (and not the additional, unwarranted and unrequested relief contained in the proposed order), the Court should grant Kalamata's request for an Amended Order Avoiding Lien.

4