IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO



In re:
Michelle Deon Lee,
Debtor.
Case No. 24-16918-KHT
Chapter 7
Date:6/23/25
MOTION TO RECONSIDER OR VACATE ORDER VACATING LIEN AVOIDANCE AND REQUEST FOR NEW TRIAL DUE TO CHANGE IN CIRCUMSTANCES AND HOMESTEAD ISSUES, New evidence

COMES NOW the Debtor, Michelle Deon Lee, by and through undersigned counsel, and respectfully moves this Court to reconsider or vacate the Order entered on June 6, 2025 (Docket #121), vacating the prior Order to Avoid Judicial Lien entered on January 29, 2025 (Docket #65), Docket # 7 for the following reasons: exhibit #1

# The Second Order Vacates Based on Homestead Issues, Not Impairment of Exemption

The Court's order vacating the first was based on "homestead issues," which pertains to the legal qualification of the property as a homestead, not the impairment of exemption due to lien amounts versus value.
- This suggests that the Court viewed that question as unresolved or needing further hearing, but it does not invalidate the original lien avoidance regarding the property's valuation and liens.

# 4. The First Order Should Remain Valid and Enforceable

Given the law's purpose—to protect exemption rights where liens impair those rights—the first order remains relevant and appropriate unless explicitly challenged on its legal merits with new facts.
- The change in residence is a different factual issue that can be addressed separately, but it does not automatically render the earlier valid order moot.

# 5. Request for Affirmance and Clarification

- Debtor requests that this Court affirm the validity of the first lien avoidance order issued on January 29, 2025.
- The Court should recognize that this order was properly based on the impairment of exemption due to lien amounts surpassing property value at that time.

- Any issues concerning current homestead status should be dealt with in a separate proceeding, not by vacating the earlier order.

**COMES NOW** the Debtor, Michelle Deon Lee, by and through undersigned counsel, and respectfully moves this Court to reconsider or vacate the Order entered on June 6, 2025 (Docket #121), which vacated the previous Order to Avoid Judicial Lien issued on January 29, 2025 (Docket #65), and in support thereof states as follows:

## 1. The Court's Action Appears to Be an Exercise of Personal Power, Not Judicial Authority

- The Court's decision to vacate the previous lien avoidance order was made without a clear basis in the law or judicial precedent.
- It appears that the Court's action was motivated by personal discretion or subjective considerations rather than by a proper application of legal principles or the authority granted under the Bankruptcy Code and applicable statutes.

## 2. Lack of Substantive Justification

- The Court's vacating order did not specify a new or different legal basis for invalidating the prior lien avoidance, nor was it predicated on any newly discovered facts or procedural irregularities.
- Instead, it seems to have been based on the Court's individual judgment about "homestead issues," which, in the absence of supporting legal findings, suggests an overreach of judicial power.

## 3. The Proper Legal Process Requires Adherence to Law

- Judicial actions must be grounded in statute, case law, or established legal standards, not personal discretion.
- The Debtor respectfully urges the Court to exercise its authority strictly within the confines of the law and to refrain from actions that appear to be influenced by personal judgment rather than legal authority.

## 4. Implication for Fair and Consistent Judicial Process

- If judicial orders are driven by personal power rather than legal principles, it undermines the integrity of the judicial process and infringes upon parties' rights to fair and predictable proceedings.

4. Need for a New Hearing or Trial

Given the change in residence, the current property at 16480 Fairway Drive now qualifies as the Debtor's homestead, and the exemption should be reevaluated in light of these facts. The Court must conduct a new hearing or trial to determine:

Whether the property qualifies as a homestead;

The extent of the exemption;

The validity of the liens in light of the current circumstances.

5. Justice and Equity

Allowing a full hearing accommodates the principles of fairness, ensuring that the exemption rights are properly protected and that the legal determinations are based on the current facts and not on prior incomplete or outdated information.

WHEREFORE, Debtor respectfully requests that this Court (a) reconsider or vacate the Order entered on June 6, 2025, (b) vacate the previous lien avoidance order, and (c) schedule a new hearing or trial to fully evaluate the exemption and lien rights based on her current residence and circumstances.

Dated: 6/23/25
Respectfully submitted:

*[signature]*
6/23/08
16480 Fairway Dr.
Commerce CO 80022

| UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO | | | |
|---|---|---|---|
| Debtor 1: | Michelle Deon Lee | Case # | 24-16918 |
| Debtor 2: | | Chapter: | 13 |

## Motion to Avoid Judicial Lien Pursuant to 11 USC 522(f)

Debtor Michelle Deon Lee, by and through undersigned Counsel, hereby submits this motion to avoid the judgment lien of Kalamata Capital Group. In support thereof, Debtor states as follows:

1. Debtor filed a voluntary petition for relief under Chapter 13 of the bankruptcy code on the same date as this motion.

2. As listed in the Chapter 13 schedules, Debtor has an ownership interest in real property at located at 16480 Fairway Drive in Adams County Colorado ("Property"). This property is the Debtor's residence.

3. Pursuant to 28 USC 1334, this Court has jurisdiction over this motion which is filed pursuant to 11 USC 522(f) to avoid and cancel judicial liens held by the creditor Kalamata Capital Group ("Kalamata") on real property:

| Creditor | Amount of Claim | Date Recorded | Reception Number |
|---|---|---|---|
| Kalamata Capital Group | $311,686 | 5/13/2024 | 2024000025373 |

4. Pursuant to 11 USC 522(d)(1), CRS 13-54-107, CRS 38-41-201, and CRS 38-41-202, the Debtor has claimed such residential property as exempt, and has no equity in excess of the consensual liens and her homestead exemption.

5. Said claim held by Kalamata is a judicial lien within the purview of 11 USC 522(f)(1) and impairs Debtor's aforesaid exemption within the meaning of 11 USC 522(f).

6. The value of Debtor's interest in the property at the time of the filing is approximately $1,061,000 based upon Zillow.com estimate. The property is encumbered by the following other liens:

      a. Rushmore servicing (mortgage):     $528,000

      b. Bellco Credit Union (mortgage):     $200,000

      c. US Internal Revenue Service:     $48,977

      d. B&B Investments:     $1,983

Case:24-16918-KHT Doc#:17 Filed:11/20/24 Entered:11/20/24 19:17:08 Page2 of 2


#1

    e. Mulligan Funding LLC:            $284,692

Total encumbrances equal $1,090,660.

7.    That, accordingly, said judicial lien impairs Debtor's exemption inasmuch as the sum of the consensual and judicial liens, as well as the exemption amount allowed per the relevant Colorado statutes set forth above, exceed the value that the Debtor's interest would have been but for the existence of the liens.

WHEREFORE, Debtor respectfully asks this Court to issue an order against the aforementioned Kalamata Capital Group, avoiding and canceling the judicial lien recorded against the above-mentioned property, and for other and further relief as this Court may deem to be just and proper.

Dated: November 20, 2024                  /s/ John Scanlan
                                                     John Scanlan CO #33669
                                                     Circle Law – the scanlan law offices

                                                     1726 Champa St, 3E
                                                     Denver CO 80202
                                                     (303) 881-4109
                                                     jvscanlan@circlelaw.net