## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>MICHELLE DEON LEE,<br><br>　　　Debtor. | Case No. 24-16918 KHT<br>Chapter 7 |

## ORDER ON PENDING MOTIONS FILED BY DEBTOR

THIS MATTER came before the Court on dozens of motions and requests for relief[1] filed by Debtor Michelle Deon Lee ("Ms. Lee" or "Debtor"), *pro se*. The Court, having reviewed the entire file, having conducted several hearings, and being fully advised in the premises, hereby finds and concludes as follows:[2]

### A.　　Prior Case.

Ms. Lee filed a Chapter 13 bankruptcy petition on September 17, 2024, through counsel, case number 24-15482 KHT (the "Prior Case"). On her bankruptcy petition, signed under penalty of perjury, she listed her current address as 15430 Fairway Drive, Commerce City, CO 80022 (the "15430 Property").

On September 18, 2024 (docket #7 in the Prior Case), the Court issued a Notice of Deficiency, setting forth required items Ms. Lee had not filed, including statements and schedules, employee income records, and a Chapter 13 plan. The Notice of Deficiency stated Ms. Lee's case was subject to dismissal if the noted deficiencies were not cured by October 1, 2024.

On October 1, 2024, Ms. Lee filed her statements and schedules, signed under penalty of perjury (docket ##13-25 in the Prior Case). On her Schedule A/B: Property, Ms. Lee listed an ownership interest in five properties. She characterized the 15430 Property as a single-family home and characterized the other four properties as investment properties.

---

[1] Docket ## 92, 95, 96, 103, 137, 138, 139, 140, 142, 144, 145, 146, 153, 154, 155, 156, 157, 158, 165, 166, 167, 168, 169, 170, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 187, 188, 189, 190, 191, 192, 193, 195, 196, 198, 199, 200, 201, 210.

[2] The Court's findings are based on review of the docket in the present case as well as the docket in Ms. Lee's prior bankruptcy case, Case No. 24-15482 KHT, of which the Court takes judicial notice, and facts that appear to be undisputed, unless otherwise indicated. The Court does not find genuine issues of material fact requiring an evidentiary hearing on any of the pending matters.

ORDER ON PENDING MOTIONS
Case No. 24-16918 KHT

On her Schedule C, Ms. Lee claimed a $250,000 homestead exemption in the 15430 Property, pursuant to Colo. Rev. Stat. § 38-41-201.[3] She stated she had acquired the 15430 Property within 1,215 days before filing the Prior Case (docket #16 in the Prior Case). On her Statement of Financial Affairs, she stated she had lived at property located at 16480 Fairway Drive, Commerce City, CO 80022 (the "16480 Property"), from January 1, 2005, through January 7, 2023 (docket #23 in the Prior Case).

Ms. Lee did not file a Chapter 13 Plan by the deadline set in the Court's Notice of Deficiency. The Prior Case was dismissed by order entered October 4, 2024 (docket #27 in the Prior Case).

## B.    Current Case.

On November 20, 2024, six weeks after dismissal of the Prior Case, Ms. Lee filed another Chapter 13 bankruptcy petition, which was assigned the above-captioned case number, 24-16918 KHT (the "Current Case"). The same counsel that filed her Prior Case filed her Current Case. On her Schedule A/B: Property, filed with her petition and signed under penalty of perjury, Ms. Lee listed an ownership interest in the same five properties listed in her Prior Case, but this time she designated the 15430 Property as an investment property, and she did not designate the 16480 Property as an investment property. Ms. Lee claimed her current address was the 16480 Property. On her Schedule C, she claimed a $250,000 homestead exemption in the 16480 Property, pursuant to Colo. Rev. Stat. § 38-41-201 (docket #1).[4] On her Statement of Financial Affairs, she stated she had lived at the 15430 Property from January 1, 2005, through January 7, 2023, which is the same time period she stated she had lived at the 16480 Property on the Statement of Financial Affairs filed in the Prior Case.

Because Ms. Lee's Prior Case was pending within one year of the filing of the Current Case, under 11 U.S.C. § 362(c)(3),[5] Ms. Lee was required to obtain an extension of the automatic stay within 30 days of the filing of the Current Case. Ms. Lee timely did so, filing a Motion to Extend the Automatic Stay on November 22, 2022 (docket #21). In that Motion, which Ms. Lee verified before a Notary Public, Ms. Lee represented as follows:

1.    Debtor's Chapter 13 case, 24-15482 KHT [the Prior Case], was dismissed by the Court on October 4, 2024.

---

[3] Ms. Lee claimed an exemption under other statutes as well, one or more of which may be inapplicable, a question the Court need not decide at this time.

[4] Ms. Lee claimed an exemption under other statutes as well, one or more of which may be inapplicable, a question the Court need not decide at this time.

[5] Future references to "section" or "§" are to those of the Bankruptcy Code, 11 U.S.C., unless otherwise indicated.

2. The Court dismissed 24-15482 KHT prior to confirmation due to the lack of a confirmable plan.

3. Debtor's ownership and encumbrances on certain properties, as well as her income was in flux and no confirmable plan could have been presented to the Court.

4. The presumption that this case is not filed in good faith under 11 USC 362(c)(3)(C) does not apply.

5. Debtor's financial position has changed due to starting contract work.

6. Debtor's ownership and encumbrances have been resolved.

7. Debtor can now file a confirmable plan which will pay 100 percent to unsecured creditors.

Motion (docket #21), at 1. Based on Ms. Lee's representations, the Court granted an extension of the automatic stay, by order entered December 6, 2024 (docket #29).

As set forth in the Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan (docket #38), Ms. Lee's schedules listed secured debt totaling $3,679,000.33, exceeding the Chapter 13 debt limit set by § 109(e) of $1,395.875. Ms. Lee was clearly not eligible for Chapter 13 relief at the time she filed her petition.[6] By order entered January 8, 2025 (docket #53), the Court required Ms. Lee to file a motion to convert her case to one under Chapter 7, failing which her case would be dismissed.

Within the time provided by this Court's January 8, 2025, Order, Ms. Lee filed a Motion to Convert her case to one under Chapter 7 (docket #74), which the Court granted by Order entered February 28, 2025 (docket #74). As provided in a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Notice of Appointment of Interim Trustee (docket #75), Tom Connolly (the "Trustee") was appointed as Ms. Lee's Chapter 7 Trustee.

**C.    Proceedings and Motions Regarding Kalamata.**

As discussed in prior orders of this Court (docket ##121, 162), Kalamata Capital Group, LLC ("Kalamata") is a judgment creditor of Ms. Lee. In May 2024, Kalamata recorded its judgment in each county in which Debtor owned property, creating liens on each property owned. Ms. Lee, through counsel, filed a Motion to Avoid Lien (docket #47), which sought to avoid Kalamata's lien as to the 16480 Property under § 522(f), which provides for avoidance of liens to the extent the liens impair a debtor's exemption. The Court Order granting the Motion to Avoid Lien (docket #65) contained ambiguous

---

[6] Similarly, Ms. Lee was not eligible for Chapter 13 relief at the time she filed the Prior Case, with her Schedule D listing secured debts of $3,665,857.00 (docket #17 in the Prior Case).

ORDER ON PENDING MOTIONS
Case No. 24-16918 KHT

language that could be perceived as allowing Ms. Lee to avoid Kalamata's lien as to all her properties, not just the 16480 Property. As the Court has held (docket ##121, 162), the Court Order was appropriately corrected to clarify Kalamata's lien was avoided only as to the 16480 Property. During proceedings regarding correction of the Court Order, Ms. Lee asserted her constitutional rights had been violated. In its Order on Pending Motions (docket #162), the Court found no such violation had occurred.

To the extent the Court's prior orders, including docket #162, do not reference Ms. Lee's *Motion to Reconsider the Reversal of the Court's Order due to Procedural Error, Untimely Filing, and Misconduct (Including Civil Rights Violations under 42 U.S.C. § 1983)* (docket #142); *Motion to Reconsider or Vacate Order Vacating Lien Avoidance and Request for New Trial due to Change in Circumstances and Homestead Issues* (docket #153); *Motion for Court to Reconsider Statement Regarding Trustee Duties and Hold the Trustee Accountable* (docket #154); *Motion to Reconsider Order and Reject Cost-Saving Justification that Violates My Constitutional Rights* (docket #155); *Request for Merit Hearing* (docket #156); *Request for Merit Hearing Constitutional Due Process Rights* (docket #157); and *Motion to Address Court's Refusal to Consider Constitutional Rights Violation and Request for Merits Hearing new evidence* (docket #158), and those are considered pending motions, the Court finds the motions should be denied for the reasons set forth in the prior orders (specifically, docket #162).[7]

On July 14, 2025, Ms. Lee filed an *Objection to the Order Entered on July 1, 2025 Docket #162* (the "Objection," docket #193). The Court treats the Objection as a motion under Fed. R. Civ. P. 59(e), incorporated by Fed. R. Bankr. P. 9023.[8] Ms. Lee has not shown the Court misapprehended the facts, Ms. Lee's position, or the controlling law. *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Instead, Ms. Lee appears to misapprehend the scope of § 522(f) and the relief requested in her Motion to Avoid Lien. She was not entitled to avoid any lien other than the lien on the property she claimed as exempt (the 16480 Property), and her Motion to Avoid Lien did not request avoidance of any lien other than the lien on the 16480 Property. The Court Order did not expand the scope of lien avoidance beyond the extent requested or the extent allowed under § 522(f).[9] Ms. Lee was not then and is not now entitled to avoid the Kalamata Lien as to any property other than the 16480 Property.

The Court has thoroughly reviewed and carefully considered each motion and objection Ms. Lee has filed. The Court has construed Ms. Lee's motions liberally, given her *pro se* status. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot find Ms. Lee has shown new, previously unavailable evidence; fraud of

---

[7] The Court further finds the motions were not prosecuted in accordance with this Court's Local Rule 9013-1 and should be denied on that ground as well.

[8] *See generally Wilson v. Al McCord Inc.*, 858 F.2d 1469, 1478 (10th Cir. 1988) (motions made on or within ten [now 14] days from entry of judgment are treated as made under Rule 59(e)). The Objection was filed 14 days after entry of the Court's Order at docket #162.

[9] Even if the Court Order had expanded the scope of lien avoidance beyond the extent requested or the extent allowed under § 522(f), it would still be subject to correction or relief under Fed. R. Civ. P. 60(a) or (b), for the reasons stated in the Court's prior orders.

any opposing party; *ex parte* or other improper contact; or any violation of her rights under the Bankruptcy Code or the U.S. Constitution. The Court has provided Ms. Lee several opportunities to be heard, including an in-person hearing on June 20, 2025 (docket #152), at which time Ms. Lee was allowed to present her arguments in full. The Court finds no basis upon which to conduct further proceedings or grant further relief.

For the reasons discussed above, the Court finds and concludes Ms. Lee has not shown she is entitled to any relief regarding Kalamata's lien or any of the actions taken in connection with the correction of the Court Order. Ms. Lee's motions are denied. The Court's Order Vacating Order Avoiding Lien (docket #121) and Order Avoiding Lien (docket #122) remain in effect.

### D.    Proceedings and Motions Regarding New American.

Shortly after Ms. Lee's case was converted to one under Chapter 7, creditor New American Funding, LLC ("New American") filed a Motion for Relief from Stay (the "New American Motion," docket #77), seeking authority to proceed with enforcement of its state law rights as to property located at 25572 East 5th Place, Aurora, CO 80018, which Ms. Lee had designated as an investment property on her Schedule A/B. The New American Motion sought relief for "cause" under § 362(d)(1), alleging Ms. Lee had missed ten payments between May 1, 2024, and February 1, 2025; the missed payments, attorney's fees, and filing fees associated with the Motion totaled $39,294.28; and New American's collateral was not adequately protected. The New American Motion was accompanied by a Notice issued pursuant to Local Bankruptcy Rule 4001-1, setting a preliminary hearing to be held April 22, 2025, and requiring objections to be filed by April 15, 2025. The Notice specifically provided if no objection was filed, the hearing would be vacated, and the order granting relief would be entered without further notice.

Ms. Lee, who was then represented by counsel and who was personally served with a copy of the New American Motion pursuant to Local Bankruptcy Rule 4001-1(a)(3), did not file an objection to the New American Motion. On April 22, 2025, New American filed a Certificate of Non-Contested Matter (docket #81), and on April 23, 2025 (docket #82), the Court granted the New American Motion.

Ms. Lee subsequently decided to proceed *pro se*. On May 8, 2025, Ms. Lee filed an *Objection to New American's Motion to Remove the Automatic Stay and Request to Hold Title Pending Further Proceedings* (the "New American Objection," docket #92). The New American Objection does not refute the allegations made in the New American Motion. Specifically, the New American Objection does not dispute the allegations regarding payment default or lack of adequate protection. Instead, the New American Objection raises the arguments this Court has considered and rejected in its orders regarding Kalamata (including docket ##121, 162).

For the avoidance of doubt, the Court finds and concludes Ms. Lee had both actual and constructive notice of the New American Motion; she did not timely file an objection to the New American Motion; she is bound by the actions and inactions of her freely chosen counsel; and she has not shown any violation of her rights under the U.S.

ORDER ON PENDING MOTIONS
Case No. 24-16918 KHT

Constitution or the Bankruptcy Code. In the absence of adequate protection of its collateral, New American was (at the time the Court granted the New American Motion) and remains entitled to relief from the automatic stay. To the extent Ms. Lee has not shown her estate is solvent, she is not adversely affected by, and has no standing to object to, relief from stay regarding her investment property, which is property of her bankruptcy estate and subject to administration of the Trustee, who did not object to the New American Motion.

To the extent the Court's prior orders do not specifically reference the New American Objection, and the New American Objection is considered a pending motion seeking relief under Fed. R. Civ. P. 60(b), incorporated in bankruptcy proceedings by Fed. R. Bankr. P. 9024,[10] the motion is denied. Any "mistake" in not filing a response was a deliberate choice made by Ms. Lee and her counsel and does not warrant relief under Rule 60(b)(1). Ms. Lee has not presented newly discovered, previously unavailable evidence justifying relief under Rule 60(b)(2). Ms. Lee has not shown any other party committed fraud, justifying relief under Rule 60(b)(3). The order granting relief from stay is not void and has not been satisfied or released justifying relief under Rule 60(b)(4) or (5), and Ms. Lee has not shown grounds for relief under Rule 60(b)(6). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). The New American Objection does not demonstrate exceptional circumstances requiring relief from the Court's order granting relief from stay.

On July 7, 2025, Ms. Lee filed a *Motion for Summary Judgment and Demand for Proof of Liens and repayment* (docket #174) and a *Motion for Summary Judgment and Demand for Proof of Liens and repayment New American Funding* (docket #175)[11] (together, the "Summary Judgment Motions"). The Court cannot grant the relief requested by Ms. Lee by motion. Any determination as to the validity, priority, or extent of a lien must be made in an adversary proceeding. Fed. R. Bankr. P. 7001(b). The Summary Judgment Motions will therefore be denied.

To the extent the Summary Judgment Motions are viewed as objections to New American's proof of claim (#14-1), Ms. Lee did not comply with this Court's Local Rules 3007-1 or 9013-1, nor did she comply with Fed. R. Bankr. P. 3007, and the objections must be denied on procedural grounds. Further, Ms. Lee has not shown her estate is solvent, a prerequisite for standing to object to a proof of claim:

Only a "party in interest" can object to a claim. 11 U.S.C. § 502(a). Generally, in a Chapter 7 bankruptcy case, the Chapter 7 trustee is the proper party to review and object to proofs of claim and typically no other person can file such an objection. *In re Mohr*, 538 B.R. 882, 885 (Bankr.

---

[10] *See generally Wilson v. Al McCord Inc.*, 858 F.2d at 1478 (motions made more than ten [now 14] days from entry of judgment are treated as made under Rule 60(b)). The New American Objection was filed more than 14 days after the Court's Order granting the New American Motion.

[11] The Court cannot discern a substantive difference between the motion at docket #174 and the motion at docket #175.

S.D. Ga. 2015); *see Trauner v. Huffman (In re Trusted Net Media Holdings, LLC)*, 334 B.R. 470, 475 (Bankr. N.D. Ga. 2005). "Typically a Debtor has no standing to object to claims or orders relating to them because the debtor does not have a pecuniary interest in the distribution of the assets of the estate. This is because an objection to a proposed distribution only affects how much each creditor will receive and does not affect the debtor's rights." *Kieffer v. Riske (In re Kieffer-Mickes Inc.)*, 226 B.R. 204, 208-09 (8th Cir. BAP 1998).

*In re McKeever*, 588 B.R. 649, 653 (Bankr. N.D. Ga. 2018); *see also In re Morreale*, No. BR 13-27310 TBM, 2015 WL 3897796, at *10 (Bankr. D. Colo. June 22, 2015) (striking claim objection when debtor had not met his burden of proving a "reasonable possibility of a surplus" (after payment in full to creditors) in the liquidation case).

For the reasons discussed above, the Court finds and concludes Ms. Lee has not shown she is entitled to relief regarding New American. Ms. Lee's motions are denied. The Court's order granting relief from stay (docket #82) remains in effect.

### E.     Proceedings and Motions Regarding Bellco.

#### 1.     Relief from Stay

On April 30, 2025, Bellco Credit Union ("Bellco") filed a Motion for Relief from Stay (the "Bellco Motion," docket #87), seeking authority to proceed with enforcement of its state law rights as to the 16480 Property. The Bellco Motion alleged Ms. Lee had failed to make thirteen monthly payments between December 28, 2023, and April 28, 2025, and the missed payments and associated fees totaled $3,450.23. The Bellco Motion sought relief under § 362(d)(2), based on Debtor's lack of equity in the property and the absence of any effective reorganization, and in the alternative under § 362(d)(1), based on a lack of adequate protection. The Bellco Motion was accompanied by a Notice issued pursuant to Local Bankruptcy Rule 4001-1, setting a preliminary hearing to be held May 27, 2025, and requiring objections to be filed by May 20, 2025.

On May 13, 2025, Ms. Lee filed a *Motion to Re-establish or Redefine Homestead Status due to Reconstruction and Issues with Bellco* (the "Homestead Motion," docket #95) and an *Objection to Bellco's Petitions and Request for Temporary Restraining Order* (the "Bellco Objection," docket #96).

On May 22, 2025, Bellco filed a *Motion to Vacate and Continue Preliminary Hearing on Motion for Relief from Stay Scheduled for May 27, 2025 at 9:30 a.m.* (docket #99), which the Court granted by Order entered May 23, 2025 (docket #100), continuing the preliminary hearing to June 24, 2025. Ms. Lee filed a *Motion for Emergency Hearing to Protect Homestead and Prevent Homelessness due to Clerical Valuation Issue* ("Emergency Hearing Motion," docket #103), objecting to the continuation of the preliminary hearing on the Bellco Motion. In her Emergency Hearing Motion, Ms. Lee appeared to confuse the pendency of a foreclosure proceeding with the pendency of a motion for relief from stay. Continuing the preliminary hearing on the Bellco Motion did

not change or eliminate the protection of the automatic stay. It had no adverse impact on Ms. Lee's rights or property interests. The Court did not find grounds for immediate relief and instead set the Homestead Motion and the Emergency Hearing Motion for hearing to be held in conjunction with the Bellco Motion and the Bellco Objection on June 24, 2025 (see docket #109).

Bellco filed its Amended Motion for Relief from Stay (the "Amended Bellco Motion," docket #120) on June 5, 2025. The Amended Bellco Motion alleged Ms. Lee had failed to make thirteen monthly payments as of May 23, 2025, and the missed payments and associated fees totaled $19,108.80. And, the Amended Bellco Motion sought relief only under § 362(d)(1), based on a lack of adequate protection. The Amended Bellco Motion was accompanied by a Notice issued pursuant to Local Bankruptcy Rule 4001-1, setting a preliminary hearing to be held July 1, 2025, and requiring objections to be filed by June 24, 2025. The Amended Bellco Motion superseded the Bellco Motion, and the Court took no further action on the original Bellco Motion.

On June 24, 2025, Ms. Lee filed an objection to the Amended Bellco Motion (the "Amended Bellco Objection," docket #160). In the Amended Bellco Objection, Ms. Lee asserted Bellco's redaction of her account number supported an inference of fraudulent activity. Ms. Lee requested production of documents under Colo. R. Civ. P. 34, which is inapplicable to bankruptcy proceedings, and requested an investigation into the validity of the mortgage and Bellco's lending practices, which is beyond the scope of the Court's authority (as discussed in docket #162).

The Court held a preliminary hearing on the Amended Bellco Motion on July 1, 2025. Ms. Lee did not offer any evidence she had made payments to Bellco or Bellco's collateral was otherwise adequately protected.[12] In fact, Ms. Lee did not offer any evidence at all. At the hearing, Bellco acknowledged a Rule 120 Action was filed in the Adams County District Court while the Current Case was pending, but Bellco asserted it had not received notice of the Current Case at the time it took that action. Bellco confirmed it took actions to dismiss the Rule 120 Action as soon as it became aware of Debtor's bankruptcy filing, and the Rule 120 Action was no longer pending. Bellco further confirmed the obligation at issue was a Home Equity Line of Credit obtained through Bellco, not a mortgage that was subsequently transferred, as to which a question of standing might be raised. Finally, Bellco confirmed it had redacted Debtor's account number to comply with Fed. R. Bankr. P. 9037, which requires redaction to protect

---

[12] Ms. Lee argued the change in the amount of missed payments between the original Bellco Motion and the Amended Bellco Motion supports an inference of fraud or improper conduct. The Court cannot so find. Bellco provided an explanation for the difference on the record and in its Response (docket #211). And, the Court does not find the different amounts make a difference in the relief from stay matter before the Court. The Court's conclusion Bellco's collateral was not adequately protected was based on a lack of payments over an extended period of time, rather than a specific payment total. And, the relief granted was limited to relief from stay. The Court did not determine the number or amount of payments made or missed, nor did the Court determine the specific amount due to Bellco. The Court's ruling simply allowed Bellco to proceed in another forum. Ms. Lee retains all rights to challenge the amount due, or to present other appropriate challenges, but she must make those challenges in another court of appropriate jurisdiction, such as the Adams County, Colorado District Court.

ORDER ON PENDING MOTIONS
Case No. 24-16918 KHT

Ms. Lee's privacy. For the reasons stated on the record, the Court granted the Amended Bellco Motion (docket ##163, 164).

The Court considered and overruled the Bellco Objection and the Amended Bellco Objection, and the Emergency Hearing Motion was rendered moot. As to the Homestead Motion, as the Court has explained to Ms. Lee, there is no authority for such relief. Her homestead exemption was established at the time she filed the Current Case. *See, e.g., Mansell v. Carroll*, 379 F.2d 682, 684 (10th Cir. 1967) ("In a bankruptcy proceeding the determination of what property is exempt is made as of the date of filing and there can be only one homestead insofar as the bankrupt is concerned."); *In re Rockwell*, 968 F.3d 12, 18 (1st Cir. 2020) ("This maxim [that exemptions are determined on the date of filing] is called the "snapshot" rule because the debtor's financial situation is frozen in time, as if someone had taken a snapshot of it."); *In re Gomez*, 646 B.R. 523, 528 (Bankr. D. Colo. 2022) (applying the "snapshot rule"). Even if there were authority to change an exemption after the petition date, the Court would not find a factual or equitable basis for such relief in this case. Ms. Lee made a deliberate choice of homestead when she filed the Current Case, changing her designation of homestead from the one she had made in the Prior Case, and she made that decision with the advice of counsel. Ms. Lee previously obtained relief from this Court, including avoidance of Kalamata's lien on the 16480 Property, based on her then-existing homestead claim, and it would be inequitable to allow her to change her position afterward. *See generally In re Riazuddin*, 363 B.R. 177, 185-86 (10th Cir. BAP 2007) (discussing equitable and judicial estoppel). To the extent the Homestead Motion was not specifically referenced on the record at the hearing, it is hereby denied.[13]

On July 3, 2025, Ms. Lee filed a *Motion for Uncontested Objection to Docket #96* (docket #167), arguing this Court should grant a temporary restraining order because Bellco did not file a response to the request for temporary restraining order contained in the Bellco Objection (docket #96). Ms. Lee's request for a temporary restraining order was not made in accordance with applicable rules of procedure, specifically Fed. R. Bankr. P. 7001(g), which requires proceedings to obtain an injunction to be filed as adversary proceedings. The request did not set forth any factual or legal basis[14] upon which this Court should impose an injunction of any kind. The Court considered the allegations in the Bellco Objection when it ruled on the Amended Bellco Motion. To the extent the request for relief made in docket #167 is considered a pending motion, the Court finds the request made in docket #96 is not uncontested,[15] and both motions (docket ##96, 167) are denied for failure to comply with applicable rules of procedure and also for the reasons set forth on the record on July 1.

---

[13] The Court further finds the Homestead Motion was not prosecuted in accordance with this Court's Local Rule 9013-1 and should be denied on that ground as well.

[14] Injunctions and restraining orders are governed by Fed. R. Civ. P. 65, incorporated in adversary proceedings by Fed. R. Bankr. P. 7065. Ms. Lee did not comply with any of the applicable requirements for obtaining a temporary restraining order or other injunctive relief.

[15] On July 17, 2025, Bellco filed an Objection to Debtor's Motions at docket #96 and docket #167 (docket #211).

Also on July 3, Ms. Lee filed an Objection to Order on Preliminary Hearing and Motion for Relief from Stay (the "July 3 Objection," docket #169), asking for relief from the Court's order granting relief from stay. The Court construes the July 3 Objection as a motion under Fed. R. Civ. P. 59(e), incorporated by Fed. R. Bankr. P. 9023.[16] Bellco filed a Response to the July 3 Objection on July 17, 2025 (docket #212).

Ms. Lee has not shown the Court misapprehended the facts, Ms. Lee's position, or the controlling law. *See Servants of Paraclete v. Does*, 204 F.3d 1005 at 1012. Instead, it appears Ms. Lee misapprehends the role of this Court on a motion for relief from stay.

Relief from stay is a summary proceeding, to be determined on an expedited basis. It is not a full determination on the merits. The role of this Court is limited, and does not include a final determination [of disputed issues between the parties]. Relief from stay does not require [a movant] to prove [its claims] by the preponderance of the evidence . . . . Instead, [a movant] is required to show a "colorable claim" to an interest in the Property.

*In re Brumfiel*, 514 B.R. 637, 645 (Bankr. D. Colo. 2014). Here, Bellco has shown a colorable claim to an interest in the property at issue. Bellco has also shown "cause" allowing it to proceed with enforcement of its state law rights. Bellco's enforcement of its state law rights will happen before a court of appropriate jurisdiction, such as the Adams County, Colorado District Court. That court will be one the one to make the final decision as to Bellco's right to proceed with foreclosure or other action according to state law. Ms. Lee's arguments must be directed to that court. This Court finds no basis upon which to grant Ms. Lee relief from its order granting relief from stay. The July 3 Objection is denied. Bellco remains entitled to relief from the automatic stay under § 362(d)(1).

## 2. Other Motions.

On June 16, 2025, Ms. Lee filed a Motion for Verification of Indebtedness and for Related Relief (the "Motion for Verification," docket #145) and a *Plaintiff's Motion for [Lis] Pendens and to Address Conflicting Filings and Fraudulent Claims* (the "Lis Pendens Motion," docket #146). Ms. Lee did not comply with this Court's Local Rule 9013-1, which requires parties to serve all motions on opposing parties pursuant to Rules 7004 and 9014 and which requires motions to be accompanied by a form of notice substantially confirming to Local Bankruptcy Form 9013-1.1, which provides a deadline for responses to be filed and provides parties an opportunity to request a hearing or other Court action. The Court therefore took no action on the motions at docket #145 and docket #146.

On July 14, 2025, Ms. Lee filed an *Uncontested Motion for Verification of Indebtedness and for Related Relief docket #145* (docket #191) and an *Uncontested Motion for Verification of Indebtedness and for Related Relief docket #146* (docket #192) (together, the "Uncontested Motions"). In the Uncontested Motions, Ms. Lee sought relief based on Bellco's failure to respond to Ms. Lee's motions at docket #145 and docket

---

[16] *See generally Wilson v. Al McCord Inc.*, 858 F.2d at 1478 (cited above). The July 3 Objection was filed two days after the entry of the Court's order granting relief from stay.

#146. But, no response deadline was set. Under Local Bankruptcy Rule 9013-1, Ms. Lee was responsible for providing notice of the June 11 Motions and for setting an appropriate objection date. She did not do that. Ms. Lee cannot bootstrap a right to relief from her own failure to comply with applicable rules of procedure. The Court will therefore deny the Uncontested Motions.

To the extent the Motion for Verification and the Lis Pendens Motion are viewed as separate from Ms. Lee's objection to the Bellco Motion or the Amended Bellco Motion, they are denied for failure to prosecute in accordance with applicable rules of procedure.[17]

Finally on July 3, Ms. Lee filed a Motion to Correct Clerical Error Regarding Date of Filing (docket #170). It is not clear to the Court what relief Ms. Lee is seeking. To the extent she wishes to clarify that her *Motion for Uncontested Objection to Docket #96* (docket #167) was filed on July 3, that is what the Court's docket reflects. The Court cannot find any basis for granting relief requested by Ms. Lee. The Motion to Correct Clerical Error is denied.

For the reasons discussed above, the Court finds and concludes Ms. Lee has not shown she is entitled to any relief in this Court regarding Bellco. Each pending motion discussed above is denied. The Court's order granting relief from stay (docket #164) remains in effect.

## F.    Proceedings and Motions Regarding Cornerstone.

On May 5, 2025, Cornerstone Home Lending, a Division of Cornerstone Capital Bank, SSB ("Cornerstone") filed a Motion for Relief from Stay (the "Cornerstone Motion," docket #89), seeking authority to proceed with enforcement of its state law rights as to property located at 5031 N Quemoy Ct., Aurora, Colorado 80019, which Ms. Lee had designated as an investment property on her Schedule A/B. The Cornerstone Motion alleged Ms. Lee had failed to make monthly payments due between October 1, 2024, through April 1, 2025, and the amount necessary to cure the default was $23,329.80. The Cornerstone Motion sought relief under § 362(d)(2), based on Debtor's lack of equity in the property and the absence of any effective reorganization, and in the alternative under § 362(d)(1), based on a lack of adequate protection. The Cornerstone Motion was accompanied by a Notice issued pursuant to Local Bankruptcy Rule 4001-1, setting a preliminary hearing to be held June 3, 2025, and requiring objections to be filed by May 27, 2025.

---

[17] Even if the Court were to consider the Motion for Verification and the Lis Pendens Motion, the Court would deny them, for the reasons stated on the record at the preliminary hearing held July 1, 2025. The Motion for Verification appears to assert Bellco lacked standing to proceed with the Bellco Motion or the Amended Bellco Motion. The Court considered the issue of Bellco's standing at the hearing and found Bellco had adequately shown standing to proceed with its requested relief. The Lis Pendens Motion asked the Court to impose a lis pendens on the 16480 Property. The Court addressed Ms. Lee's arguments at the hearing. To the extent not specifically addressed at the hearing, the Court finds Ms. Lee has shown no basis for the filing of a lis pendens. The Court's granting relief from stay did not affect title to the 16480 Property, and Ms. Lee did not assert the existence of any (other) pending litigation affecting the title to the 16480 Property.

Ms. Lee filed an *Objection to Cornerstone Home Lending's Motion for Relief from Automatic Stay* (the "Cornerstone Objection," docket #97). The Cornerstone Objection did not dispute the lack of payments made but did assert there was equity in the property. The Cornerstone Objection also referenced pending disputes, which the Court understood to mean the disputes regarding Kalamata, discussed above.

Second Creek Ranch Metropolitan District (the "District") also filed an objection (docket #101), asserting its lien took priority over all other liens and encumbrances, including Cornerstone's. The District did not argue Cornerstone was adequately protected, nor did it oppose a sale of the property, provided its lien position was preserved.

The Court held a preliminary hearing on the Cornerstone Motion on June 3, 2025 (docket #116). Ms. Lee did not appear. For the reasons stated on the record, the Court continued the preliminary hearing to June 10, 2025.

On June 9, 2025, Cornerstone and the District filed a *Motion to Approve Stipulation and Stipulation Resolving Respondent's Limited Objection to Movant's Motion for Relief from the Automatic Stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301* (the "Stipulation," docket #130). In the Stipulation, the parties agreed the District's lien was in first position as to the property and the District's lien would not be extinguished by a sale of the property. The Stipulation resolved the District's objection to the Cornerstone Motion.

Also on June 9, 2025, Cornerstone filed its List of Witnesses and Exhibits (docket #131). Cornerstone did not list any representative of Cornerstone as a witness.

Finally on June 9, 2025, Ms. Lee filed a *Motion to Continue Cornerstone Hearing and to Hold Decision on Relief from Automatic Stay until Homestead Exemption Matters Pending Trustee Issues Are Ruled On* (docket #132); a *Motion to Withhold Approval of Stipulation and Relief from Stay Until Trustee and Conduct Issues are Resolved* (docket #133); and a *Motion to Appoint Counsel due to Financial Hardship and Complex Proceedings* (docket #134). By Order entered that same date, the Court denied Ms. Lee's motions (docket #135). In its Order, the Court directed Ms. Lee to information regarding legal assistance on the Court's website at https://www.cob.uscourts.gov/free-legalhelp.

On June 10, 2025, the Court held the continued preliminary hearing on the Cornerstone Motion. For the reasons stated on the record, specifically the failure to designate a witness who could testify on behalf of Cornerstone, the Court denied the Cornerstone Motion without prejudice (docket #136).

The next day, June 11, 2025, Ms. Lee filed a *Motion to Dismiss Any and All Claims/Liens Against the Property by Cornerstone* (docket #137), a *Motion to Address Unauthorized Electronic Fund Transfer and Invalid Claims* (docket #138), a *Motion to Compel Production of Documents Regarding Deed and Mortgage Validity, to Address Discrepancies, and to Investigate Potential Predatory Practices* (docket #139), and a *Motion to Request for Reimbursement of Payments Made to Cornerstone due to violation of Predatory Lending Practices, Colorado Consumer Protection Act (C.R.S. § 6-1-106 et*

*seq.)* (docket #140) (together, the "June 11 Motions"). Ms. Lee did not comply with this Court's Local Rule 9013-1, which requires parties to serve all motions on opposing parties pursuant to Rules 7004 and 9014 and which requires motions to be accompanied by a form of notice substantially confirming to Local Bankruptcy Form 9013-1.1, which provides a deadline for responses to be filed and provides parties an opportunity to request a hearing or other Court action. The Court therefore took no action on the June 11 Motions.

On July 3, 2025, Ms. Lee filed a motion purporting to request the Court allow the repayment of her debt to Cornerstone on an uncontested basis (docket #165); a motion requesting summary judgment on docket #138 (docket #166) and a motion requesting summary judgment on docket #140 (docket #168) (together, the "July 3 Summary Judgment Motions"). In the July 3 Summary Judgment Motions, Ms. Lee sought relief based on Cornerstone's failure to respond to the June 11 Motions. But, no response deadline was set. Under Local Bankruptcy Rule 9013-1, Ms. Lee was responsible for providing notice of the June 11 Motions and for setting an appropriate objection date. She did not do that. Ms. Lee cannot bootstrap a right to relief from her own failure to comply with applicable rules of procedure. The Court will therefore deny the July 3 Summary Judgment motions.

On July 14, 2025, Cornerstone filed a second Motion for Relief from Stay (the "Second Cornerstone Motion," docket #185), seeking authority to proceed with enforcement of its state law rights as to property located at 5031 N Quemoy Ct., Aurora, Colorado 80019. The Second Cornerstone Motion was accompanied by a Notice issued pursuant to Local Bankruptcy Rule 4001-1, setting a preliminary hearing to be held August 5, 2025, and requiring objections be filed by July 29, 2025.

On July 15, 2025, the District filed a Limited Objection to the Second Cornerstone Motion (docket #197), asserting the same limited objection it had asserted to the first Cornerstone Motion: its lien took priority over all other liens and encumbrances, including Cornerstone's.

Also on July 15, Ms. Lee filed a *Motion to Schedule Merits Hearing and Compel Proof of Lien by Second Creek Ranch Metropolitan District* (docket #198). The motion requests a determination of the validity, priority, and enforceability of the District's lien. Any determination as to the validity, priority, or extent of a lien must be made in an adversary proceeding. Fed. R. Bankr. P. 7001(b). Ms. Lee's motion (docket #198) will therefore be denied.

Also on July 15, Ms. Lee filed an *Objection to Late Submission of Motion or Document* (docket #199). Ms. Lee asserts the Court's June 10, 2025, denial of the Cornerstone Motion was a final order determining the invalidity of Cornerstone's claim or its lack of standing to enforce its claim. Ms. Lee misperceives the Court's ruling, which specifically provided the Cornerstone Motion was "DENIED WITHOUT PREJUDICE." (docket #136) (emphasis in original). The Court denies the request for relief contained in docket #199.

ORDER ON PENDING MOTIONS
Case No. 24-16918 KHT

Finally on July 15, Ms. Lee filed a *Response to Proposed/Unsigned Order Cornerstone* (docket #201). In her response, Ms. Lee argues the Proposed Order attached to the Second Cornerstone Motion does not properly reflect the Court's ruling on the original Cornerstone Motion. Ms. Lee's arguments lack merit, for the reasons discussed above. Additionally, this Court's Local Rule 4001-1(a)(4)(F) requires all motions for relief from stay include a proposed order. It would be impossible for a proposed order filed with a motion to be a final, signed order granting that motion. Ms. Lee's objections to the proposed order (docket #201) are overruled.

On July 16, 2025, Cornerstone filed responses to several of Ms. Lee's motions. In docket #202, Cornerstone responded to Ms. Lee's motion at docket #137. In docket #203, Cornerstone responded to Ms. Lee's Motion at docket #138. In docket #204, Cornerstone responded to Ms. Lee's motion at docket #165. In docket #205, Cornerstone responded to Ms. Lee's motion at docket #166. And, in docket #206, Cornerstone responded to Ms. Lee's motion at docket #168. In its responses, Cornerstone denied the factual allegations of Ms. Lee's motions and denied Ms. Lee was entitled to relief. The Court finds the relief requested in the June 11 Motions must be sought in an adversary proceeding. *See* Fed. R. Bankr. P. 7001(a), (b), (g), (i).[18] The Court will therefore deny the June 11 Motions.

For the reasons discussed above, the Court denies each pending motion and objection Ms. Lee has filed regarding Cornerstone. **Ms. Lee has until July 29, 2025, to file a substantive objection to the relief sought in the Second Cornerstone Motion, failing which the Court may grant the Second Cornerstone Motion without further opportunity for hearing.** The Court will consider the Second Cornerstone Motion, the Limited Objection filed by the District, and any response timely filed by Ms. Lee at the preliminary hearing on August 5, 2025.

### G.    Motions Regarding Rushmore/Nationstar.

On January 9, 2025, Rushmore Servicing ("Rushmore") filed Proof of Claim #9-1 on behalf of Nationstar Mortgage LLC ("Nationstar"), asserting a $564,864.52 claim secured by the 16480 Property.

On July 7, 2025, Ms. Lee filed a *Motion to Dismiss or to Strike Lienholder due to Failure to Provide Proper Notice* (the "Motion to Dismiss," docket #172). The Motion to Dismiss seeks relief against Rushmore and/or Nationstar, citing Colorado foreclosure statutes, Colo. Rev. Stat. § 38-38-101 *et seq.;* the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*; and the Truth in Lending Act (TILA), 15 U.S.C. 1601 *et seq.*, and requests a determination Nationstar's lien is invalid. On July 16, 2025, Nationstar filed a Response (docket #208) to the Motion to Dismiss.

---

[18] It is not clear the Court can or should exercise its jurisdiction over the claims Ms. Lee seeks to assert in the June 11 Motions, even if an adversary proceeding were filed. *See, e.g., In re Hanson*, 525 B.R. 791, 796 (Bankr. M.D. Fla. 2015) (abstaining from determining debtor's state-law claims against lender). But, the Court need not decide that issue at this time.

The Court cannot grant the relief requested by Ms. Lee by motion. Any determination as to the validity, priority, or extent of a lien must be made in an adversary proceeding. Fed. R. Bankr. P. 7001(b).[19] The Motion to Dismiss will therefore be denied.

To the extent the Motion to Dismiss is viewed as an objection to Nationstar's proof of claim, Ms. Lee did not comply with this Court's Local Rules 3007-1 or 9013-1, nor did she comply with Fed. R. Bankr. P. 3007, and it must be denied on procedural grounds.

Even if the Court were to consider the merits of the Motion to Dismiss as an objection to Nationstar's proof of claim, the Court would deny it. A proof of claim signed and filed in accordance with Fed. R. Bankr. P. 3001 "is *prima facie* evidence of the claim's validity and amount." Fed. R. Bankr. P. 3001(f). A party seeking to object to a proof of claim bears the burden of producing evidence supporting the objection, which evidence must be "of probative force equal to that of the allegations contained in the proof of claim." *In re Broadband Wireless Int'l Corp.*, 295 B.R. 140, 145 (10th Cir. BAP 2003) (citing *Abboud v. Abboud (In re Abboud)*, 232 B.R. 793, 796 (Bankr. N. D. Okla.), *aff'd*, 237 B.R. 777 (10th Cir. BAP 1999)). Ms. Lee has not offered evidence of probative force equal to that of the allegations contained in the proof of claim.

Finally, as discussed above, Ms. Lee has not shown she has standing to object to the proof of claim. *See In re McKeever*, 588 B.R. at 653; *In re Morreale*, No. BR 13-27310 TBM, 2015 WL 3897796, at *10. The Motion to Dismiss is therefore denied.

On July 7, 2025, Ms. Lee filed a *Motion for Summary Judgment and Demand for Proof of Liens* (the "Summary Judgment Motion," docket #176). Nationstar filed a response to the Summary Judgment Motion (docket #209). Ms. Lee is not entitled to summary judgment in her favor. As with the Motion to Dismiss, the Summary Judgment Motion is denied.

On July 10, 2025, Ms. Lee filed a *Motion for Creditors to Show Proof of Claim* (docket #179). Nationstar filed a response (docket #207). The relief requested in this motion is not clear. Ms. Lee appears to request an order requiring creditors in general, or Nationstar in particular, to file a proof of claim. Nationstar has filed a proof of claim. The Court cannot grant any relief to Ms. Lee based on this motion.

For the reasons discussed above, the Court finds and concludes Ms. Lee has not shown she is entitled to any relief regarding Rushmore or Nationstar.

### H.   Motions Regarding Trinity Life.

On July 7, 2025, Ms. Lee filed a *Motion to Dismiss or to Strike Lienholder due to Failure to Provide Proper Notice Lack of Proper Proof of Claims* (the "Motion to Dismiss,"

---

[19] As noted above, it is not clear the Court can or should exercise its jurisdiction over the claims Ms. Lee seeks to assert in her Motion to Dismiss, even if an adversary proceeding were filed. *See, e.g., In re Hanson*, 525 B.R. at 796; *In re Stuart*, 367 B.R. 541, 554 (Bankr. E.D. Pa. 2007) (abstaining from hearing claim for TILA damages in the interests of justice and comity with the state courts). But, the Court need not decide that issue at this time.

docket #173). The Motion to Dismiss seeks relief against Trinity Life, citing Colorado foreclosure statutes, Colo. Rev. Stat. § 38-38-101 *et seq.;* the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*; and the Truth in Lending Act (TILA), 15 U.S.C. 1601 *et seq.*, and requests a determination Trinity Life's lien is invalid.

Trinity Life filed an objection to confirmation of Ms. Lee's Chapter 13 Plan (docket #46), asserting it held a claim against Ms. Lee secured by the 15430 Property, but it has not otherwise appeared in this case. It has not filed a proof of claim, but failure to file a proof of claim does not affect the validity of its lien, nor does it provide any basis upon which the Court may grant Ms. Lee relief. As the Tenth Circuit Bankruptcy Appellate Panel has explained:

> Furthermore, it is well-established that secured creditors are not required to file a proof of claim against a debtor, and that liens will not be void under § 506(d) due solely to the fact that a proof of claim has not been filed. 11 U.S.C. § 506(d)(2); Fed. R. Bankr.P. 3002(a) (only unsecured creditors and equity security holders are required file a proof of claim or interest for the claim or interest to be allowed) & Advisory Committee Note ("A secured claim need not be filed ...."); *see In re Babbin*, 160 B.R. 848, 849 (D. Colo. 1993) (recognizing no need to file proof of claim). The consequence of a secured creditor's failure to file a proof of claim is to bar it from participating in a distribution of estate assets on any unsecured portion of its claim. [Creditor's] failure to participate in the Debtor's Chapter 7 case, therefore, in no way affected the validity and effectiveness of his lien outside of the case.

*In re Lowther*, 285 B.R. 344 (10th Cir. BAP), *aff'd*, 52 F. App'x 476 (10th Cir. 2002)

As to a determination that Trinity Life's lien is invalid, as discussed above, the Court cannot grant the relief requested by Ms. Lee by motion. Any determination as to the validity, priority, or extent of a lien must be made in an adversary proceeding. Fed. R. Bankr. P. 7001(b).[20] The Motion to Dismiss will therefore be denied.

Also on July 7, 2025, Ms. Lee filed a *Motion for Summary Judgment and Demand for Proof of Liens and repayment* (docket #178), requesting a determination the lien of Trinity Life is invalid. Ms. Lee is not entitled to summary judgment in her favor. As discussed above, any determination as to the validity, priority, or extent of a lien must be made in an adversary proceeding. Fed. R. Bankr. P. 7001(b). And, as discussed above, Trinity Life is not required to file a proof of claim. The motion will therefore be denied.

On July 14, 2025, Ms. Lee filed a *Petition for Formal Recognition of* Cestui Que Vie, *Assertion of Beneficiary and Executor Rights, and Order of Full Disclosure* (docket #195), an *Amended Pleading for Recognition of* Cestui Que Vie*, Full Disclosure, and*

---

[20] This Court does not, at this time, decide whether the Court can or should exercise its jurisdiction over any adversary proceeding complaint filed. *See, e.g., In re Hanson*, 525 B.R. at 796; *In re Stuart*, 367 B.R. at 554.

ORDER ON PENDING MOTIONS
Case No. 24-16918 KHT

*Rights as Beneficiary and Executor* (docket #187), and a *Motion for Urgent Relief to Schedule Meeting, Disclosure, and Proof of Living Status* (docket #190). *Cestui Que Vie* is a French phrase that translates into English as "one who lives." In legal contexts, the phrase means: "The person whose life measures the duration of a trust, gift, estate, or insurance contract." Cestui Que Vie Definition, *Black's Law Dictionary* (12th ed. 2024). Although the specific relief requested is not clear, particularly the relief requested as to Trinity Life, it appears Ms. Lee asserts she is the beneficiary of a trust consisting of the property of her estate, and if she is not shown to be living, the trust must end.

As the Court explained in its prior order (docket #162), a bankruptcy estate is not a trust maintained for Ms. Lee's benefit. The Trustee of her bankruptcy estate has the duty to maximize distribution to her creditors, and only if all creditors are paid in full, with interest, are any funds distributed to her. *See* § 726(a)(1)-(6). At this time, it is unclear the bankruptcy estate contains sufficient assets to pay all creditors in full, with interest, leaving funds available for distribution to Ms. Lee, and it is unlikely Ms. Lee has standing to challenge actions of the Trustee. And, Ms. Lee is not an executor; she is a debtor. But perhaps most importantly, a Chapter 7 bankruptcy estate is not measured by the life of the debtor. Ms. Lee's death would not abate her case. *See* Fed. R. Bankr. P. 1016. Thus, while it appears to the Court that Ms. Lee is living, based on her recent filing activity, proof of living status is not required for administration of her bankruptcy case.

Finally, Ms. Lee has not complied with rules applicable to discovery, such as Fed. R. Bankr. P. 9014, Fed. R. Bankr. P. 7026, Fed. R. Civ. P. 26, Local Bankruptcy Rule 7026-2, and Local Bankruptcy Rule 7026-1, and is not entitled to any discovery-related orders, and any request for injunctive relief must be made in an adversary proceeding, *see* Fed. R. Bankr. P. 7001(g). These motions (docket ##187, 190, 195) will therefore be denied.

For the reasons discussed above, the Court finds and concludes Ms. Lee has not shown she is entitled to any relief regarding Trinity Life.

## I.      Motions Regarding Shellpoint/Wilmington.

On January 29, 2025, NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") filed Proof of Claim #18-1 on behalf of Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-4 ("Wilmington"), asserting a $393,759.02 claim secured by property located at 4328 N Andes Way, Denver, CO 80249, which Ms. Lee had designated as an investment property on her Schedule A/B.

On July 7, 2025, Ms. Lee filed a *Motion for Summary Judgment and Demand for Proof of Liens* (docket #177), appearing to request a determination the lien of Wilmington, serviced by Shellpoint, is invalid. Ms. Lee is not entitled to summary judgment in her favor. As discussed above, any determination as to the validity, priority, or extent of a lien must be made in an adversary proceeding. Fed. R. Bankr. P. 7001(b).

To the extent the motion is viewed as an objection to proof of claim #18-1, Ms. Lee

did not comply with this Court's Local Rules 3007-1 or 9013-1, nor did she comply with Fed. R. Bankr. P. 3007, and it must be denied on procedural grounds. Ms. Lee has not offered evidence of probative force equal to that of the allegations contained in the proof of claim. *See In re Broadband Wireless Int'l Corp.*, 295 B.R. at 145. Finally, Ms. Lee has not shown she has standing to object to the proof of claim. *See In re McKeever*, 588 B.R. at 653; *In re Morreale*, No. BR 13-27310 TBM, 2015 WL 3897796, at *10. The motion is therefore denied.

On July 14, 2025, Ms. Lee filed a *Petition for Formal Recognition of* Cestui Que Vie, *Assertion of Beneficiary and Executor Rights, and Order of Full Disclosure* (docket #196), an *Amended Pleading for Recognition of* Cestui Que Vie*, Full Disclosure, and Rights as Beneficiary and Executor* (docket #188), and a *Motion for Urgent Relief to Schedule Meeting, Disclosure, and Proof of Living Status* (docket #189). As discussed above, a bankruptcy estate is not a trust maintained for Ms. Lee's benefit, Ms. Lee is not an executor, and Ms. Lee's bankruptcy case is not measured by her life. Proof of living status is not required for administration of her bankruptcy case. Ms. Lee has not complied with rules applicable to discovery, such as Fed. R. Bankr. P. 9014, Fed. R. Bankr. P. 7026, Fed. R. Civ. P. 26, Local Bankruptcy Rule 7026-2, and Local Bankruptcy Rule 7026-1, and is not entitled to any discovery-related orders, and any request for injunctive relief must be made in an adversary proceeding, *see* Fed. R. Bankr. P. 7001(g). These motions (docket ##188, 189, 196) will therefore be denied.

Meanwhile, on July 11, 2025, Wilmington filed a Motion for Relief from Stay (docket #183), seeking authority to proceed with enforcement of its state law rights as to property located at 4328 N Andes Way, Denver, CO 80249. Wilmington's motion was accompanied by a Notice issued pursuant to Local Bankruptcy Rule 4001-1, setting a preliminary hearing to be held August 5, 2025, and requiring objections to be filed by July 29, 2025.

On July 15, 2025, Ms. Lee filed an *Objection to Unsigned Proposed Order Granting Relief from Stay* (docket #200). As discussed above in connection with Ms. Lee's similar objection to Cornerstone's proposed order, submission of a proposed order is a requirement of Local Bankruptcy Rule 4001-1(a)(4)(F), and it would be impossible for a proposed order submitted with a motion to be a final, signed order. Finally, the Court rejects Ms. Lee's argument regarding a lack of notice and an opportunity to object, when Ms. Lee received actual notice of the filing of the motion and the deadline to file objections, and she did file an objection (docket #194). Ms. Lee's objections to the proposed order (docket #200) are overruled.

For the reasons discussed above, the Court has denied Ms. Lee's pending motions and her objection to the proposed order. The Court has not denied or overruled Ms. Lee's objection (docket #194) to Wilmington's motion for relief from stay. The Court will consider Wilmington's motion for relief from stay and Ms. Lee's objection thereto (docket #194) on August 5. Should Ms. Lee wish to amend her objection, she must do so by July 29, 2025.

ORDER ON PENDING MOTIONS
Case No. 24-16918 KHT

### J.   Motions Regarding Creditors of Residential Care Services.

On July 10, 2025, Ms. Lee filed a *Motion to Amend the Underlying Petition or Motion to Add Creditors due to Previous Omissions* (docket #181). The motion references "ALLY Loan number #228121165839 Company work car." Exhibit 1 attached to the motion includes an Ally account statement regarding a 2022 Maserati Levanti, addressed to "Residential Care Servic" at the 15430 Property, and a Reminder Notice providing Ally may report information about the account to credit bureaus.

Also on July 10, 2025, Ms. Lee filed a *Motion to Amend the Underlying Petition or Motion to Add Creditors due to Previous Omissions Peak* (docket #182). The motion references "Peak Solution Amount: 164,953.55 Peac Solutions – Loan 500-0333660-001 Residential Care Services." Exhibit 1 attached to the motion includes a Business Loan and Security Agreement Supplement on Peac Solutions letterhead, reflecting a $196,000 loan made from WebBank to Residential Care Services LLC.

Ms. Lee's Statement of Financial Affairs (docket #1) asked Ms. Lee to state whether she owned a business or had any connection to a business within four years before her bankruptcy filing, and Ms. Lee stated she was or had been a sole proprietor of five entities, including The Lash Lounge (with a Denver address), The Lash Lounge (with a Lone Tree address), SHS Homecare, Residential Care Services LLC, and Dream Real Estate Group. The Lash Lounge in Denver and SHS Homecare are listed as currently existing. Residential Care Services LLC is listed as existing between January 1, 2008, and October 27, 2023.[21]

To the extent Ms. Lee executed a personal guaranty of the obligations in question or to any other obligations of any of her business entities, the personal guaranty obligations are properly included in her schedules. Ms. Lee may amend her schedules and creditor mailing matrix by following the procedures set forth in Local Bankruptcy Rule 1009-1 and paying the required fee. She does not need permission of the Court to do so.

The Court cautions Ms. Lee that adding the creditors to her Schedules does not impose a stay for the benefit of Residential Care Services or any of her other entities. Creditors may pursue collection actions against the entities or property of the entities without necessarily violating the automatic stay applicable to Ms. Lee.

Because the Court need not grant permission for Ms. Lee to amend her schedules and because the Court cannot grant other relief to Ms. Lee or her entities, the Court denies the motions at docket ##181 and 182.

---

[21] On her Schedule A/B: Property, in response to question 19, which asked Ms. Lee to state whether she owned or had any legal or equitable interest in all "non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture," Ms. Lee checked "no." This appears inconsistent with the information listed in the Statement of Financial Affairs and the exhibits attached to the motions. Ms. Lee is urged to correct this apparent error.

ORDER ON PENDING MOTIONS
Case No. 24-16918 KHT

### K.    Other Motions.

On June 16, 2025, Ms. Lee filed a *Motion for Declaration of Emergency and Demand for Action* (docket #144). The motion states no legal or factual basis for the requested relief. This Court lacks jurisdiction to enforce civil rights laws. To the extent Ms. Lee believes she has experienced racial profiling and unlawful discrimination, she must seek relief from a court of appropriate jurisdiction. This Court does have jurisdiction to enforce the automatic stay, but as noted above, the automatic stay applicable to Ms. Lee does not apply to protect Ms. Lee's entities, including Dream Real Estate Group and Residential Care Services LLC, from creditors' attempts to collect the entities' debts from the entities' property. Ms. Lee has not shown the actions of Express Toll against one or more vehicles owned by Ms. Lee's entities,[22] or the actions of the Master Homeowners Association for Green Valley Ranch against Dream Real Estate LLC, violate the automatic stay. Ms. Lee's Motion (docket #144) is denied.

On July 10, 2025, Ms. Lee filed a *Motion for Creditors to Show Proof of Claim* (docket #180). The specific relief requested is not clear. The motion references SN Servicing as a debtor. To the extent Ms. Lee intended to refer to SN Servicing as a creditor, and Ms. Lee seeks an order requiring SN Servicing or any other creditor to file a proof of claim, Ms. Lee has provided no factual or legal basis supporting such relief. This motion is denied.

Finally, on July 17, 2025, Ms. Lee filed an *Objection to Listing of Barrett Frappier & Weisserman, LLP in Line 2.9 and Motion for Lack of Contract Docket #1* (docket #210). On Ms. Lee's Schedule D: Creditors Who Have Claims Secured by Property (docket #1), line 2.9, Ms. Lee listed Shellpoint as a creditor secured by property located at 25572 E 5th Place, Aurora, CO 80018. She further listed Barrett Frappier & Weisserman as an entity to be notified of her bankruptcy regarding the debt listed on line 2.9. In her Objection, Ms. Lee alleges the listing of Barrett Frappier & Weisserman on her schedules in connection with the Shellpoint claim on line 2.9 was an error. Any such error is Ms. Lee's own error, on schedules prepared on her behalf by her attorney, which schedules she verified as true and correct under penalty of perjury. To the extent Ms. Lee made an error, she is free to correct it with amended schedules filed in accordance with the Court's local rules.[23] But her error does not give rise to any right to relief against Barrett Frappier & Weisserman. The Court therefore denies the request for relief contained in docket #210.

---

[22] The Court assumes the vehicle(s) at issue are owned by the entities, not by Ms. Lee, given the entity names listed on the exhibits. Ms. Lee did not list a 2022 Maserati Levanti on her Schedule A/B.

[23] The Court encourages Ms. Lee to promptly correct any and all errors on her Schedules and Statements of Financial Affairs. "'[T]o the extent reasonably possible, a debtor seeking the protection of [a bankruptcy court] must file bankruptcy schedules which are both thorough and accurate.'" *In re Shank*, No. BAP KS-23-016, 2024 WL 1508126, at *6 (10th Cir. BAP Apr. 8, 2024) (discussing creditor's argument that debtor's uncorrected schedule inaccuracies supported a finding of bad faith) (quoting *In re Gonyer*, 383 B.R. 316, 322 (Bankr. N.D. Ohio 2007) (further citation omitted)).

### L.   Conclusion.

In this Order, the Court has endeavored to address the more than four dozen motions and requests for relief Ms. Lee has filed with this Court within the past few weeks. The Court has denied each motion and request as procedurally and/or substantively improper. Ms. Lee has failed to comply with applicable rules of procedure, including Fed. R. Bankr. P 7001 and this Court's Local Rule 9013-1. The Court has been patient with Ms. Lee, given her *pro se* status. The Court has, on multiple occasions, attempted to explain to Ms. Lee that the Trustee, Kalamata, and this Court have not violated her rights. But ultimately, the Court must enforce the Bankruptcy Code and applicable rules of procedure. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'") (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). Ms. Lee cannot continue to inundate the Court and other parties to this case with motions and requests for relief that do not comply with applicable rules of procedure, repeat arguments previously made and rejected, or otherwise fail to state claims for relief.

Ms. Lee must comply with all applicable rules of procedure. Any motion filed without compliance with Local Rule 9013-1 will be struck for failure to prosecute. Any motion requesting a determination of validity of any lien will be struck, as that relief is not available by motion. The Court will not consider any further motion seeking reconsideration of, or relief from, the Court's Order Vacating Order Avoiding Lien (docket #121), Order Avoiding Lien (docket #122), Order on Pending Motions (docket #162), order granting relief from stay to New American (docket #82), or order granting relief from stay to Bellco (docket ##163, 164). *See United States v. Glover*, 46 F.3d 1152 (10th Cir. 1995) ("A party is not entitled to two motions for rehearing[.]").

Should Ms. Lee continue to violate applicable procedural rules, or file meritless motions and requests for relief, the Court will consider imposing additional restrictions on her ability to file motions with this Court. As the Tenth Circuit Bankruptcy Appellate Panel has held:

> Bankruptcy courts have inherent powers to control the course of litigation before them. That power is supplemented by 28 U.S.C. § 1651(a) and 11 U.S.C. § 105(a). As recognized in Tripati v. Beaman [878 F.2d 351, 352-53 (10th Cir.1989) (per curiam)], a litigant's right of access to the courts is neither absolute nor unconditional. Federal courts have inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions appropriate for the circumstances.

*In re Armstrong*, 309 B.R. 799, 805 (10th Cir. BAP 2004).

Accordingly, it is

HEREBY ORDERED that Ms. Lee's motions and requests for relief (Docket ## 92, 95, 96, 103, 137, 138, 139, 140, 142, 144, 145, 146, 153, 154, 155, 156, 157, 158, 165, 166, 167, 168, 169, 170, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 187, 188,

ORDER ON PENDING MOTIONS
Case No. 24-16918 KHT

189, 190, 191, 192, 193, 195, 196, 198, 199, 200, 201, 210) are DENIED for the reasons discussed above. It is

FURTHER ORDERED that Ms. Lee has until July 29, 2025, to file a substantive objection to the relief sought in the Second Cornerstone Motion (docket #185), failing which the Court may grant the Second Cornerstone Motion without further opportunity for hearing. The Court will consider the Second Cornerstone Motion, the Limited Objection filed by the District, and any response timely filed by Ms. Lee at the preliminary hearing on August 5, 2025. It is

FURTHER ORDERED that the Court will consider Wilmington's motion for relief from stay (docket #183) and Ms. Lee's objection thereto (docket #194) on August 5. Should Ms. Lee wish to amend her objection, she must do so by July 29, 2025. Finally, it is

FURTHER ORDERED that Ms. Lee must comply with all applicable rules of procedure. Any motion filed without compliance with Local Rule 9013-1 will be struck for failure to prosecute. Any motion requesting a determination of validity of any lien will be struck, as that relief is not available by motion. Ms. Lee may not file any further motion seeking reconsideration of the Court's Order Vacating Order Avoiding Lien (docket #121), Order Avoiding Lien (docket #122), order granting relief from stay to New American (docket #82), or order granting relief from stay to Bellco (docket ##163, 164). Should Ms. Lee continue to violate applicable procedural rules, or file multiple, meritless motions and requests for relief, the Court will consider imposing additional restrictions on her ability to file motions with this Court.

Dated July 18, 2025                                BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge