**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

In re:

Michelle Deon Lee,

Debtor.

Case No. 24-16918-KHT

Chapter 7

## ORDER DENYING MOTION TO RECUSE

THIS MATTER comes before the Court on the Motion for Bankruptcy Trustee's Recusal Due to Pending Lawsuit (docket #268, "Trustee Recusal Motion") filed by Debtor Michelle Deon Lee ("Ms. Lee").

Ms. Lee filed a Chapter 13 Bankruptcy case on November 20, 2024. Two months later and in response to the Chapter 13 Trustee's Motion to Dismiss due to eligibility concerns, Ms. Lee filed a Motion to Convert her case from a Chapter 13 case to one under Chapter 7 (Docket #55).

The Court granted the Motion to Convert on February 24, 2025 (Docket #74) and Tom Connolly was appointed the Chapter 7 trustee ("Trustee").

On August 29, 2025, Ms. Lee filed her Trustee Recusal Motion. Ms. Lee argues that Trustee should be recused because of her pending lawsuit, *Lee v. Tyson et al.*, Case 25-cv-02161-LTB-RTG, filed against him in United States District Court (the "District Court Lawsuit").[1]

## DISCUSSION

Ms. Lee asks that Trustee "be recused from further participation in these proceedings because [she] currently ha[s] a pending lawsuit against the trustee in federal court."[2] She also argues that Trustee's "participation in ex parte communications, improper influence on judicial proceedings, and allowing the use of an expired motion to unfairly impact the case" amount to grounds for recusal.

Under 11 U.S.C. § 324(a), the Court "may remove a trustee, other than the United States trustee, or an examiner, for cause." Cause for removal includes unwillingness or inability to act as a trustee, financial interests adverse to those of the bankruptcy estate,

---

[1] On September 23, 2025, the Magistrate Judge assigned to the District Court Lawsuit recommended it be dismissed.

[2] In her motions, Ms. Lee alleges violations of violations of 42 U.S.C. § 1983 and 18 U.S.C. §§ 1503 and 1512. The District Court will address these issues in the District Court Lawsuit.

and serious misconduct. *In re Schmitt*, No. 11–16356 HRT, 2011 WL 2132829 (Bankr. D. Colo. May 27, 2011).

At the outset, the Court cannot find cause to remove a case trustee solely because a debtor sues him or her. Though Section 324(a) does not define "cause," Section 324(b) is instructive. Section 324(b) provides that "[w]henever the court removes a trustee … in a case under this title, such trustee … shall thereby be removed in all other cases under this title," unless the court orders otherwise. 11 U.S.C. § 324(b). That Section 324(b) provides for a trustee's removal from *all* cases when cause has been shown suggests that "cause" does not encompass minor conflicts between trustees and *particular* debtors. *See In re Schmitt*, 2011 WL 2132829 at *2. Though a pending lawsuit against a trustee is certainly inconvenient, the Court finds, without more, it is insufficient to warrant removal under the Bankruptcy Code.

Second, though it is unclear what Ms. Lee means by "ex parte communications," the Court believes she is referring to out-of-court conversations between Trustee and her counsel as well as between Trustee and creditors. These have already been addressed in the order entered at docket #162. As the Court indicated there, Fed. R. Bankr. P. 9003 does not prohibit unsupervised interactions between case trustees and creditors, nor does it require a case trustee to seek the debtor's permission each time he wishes to act:

> After the § 341 meeting, Trustee contacted counsel for Kalamata and discussed the need to correct the Court Order. As the Court explained to Ms. Lee at the June 20, 2025, hearing, there is nothing improper about Trustee's contact with counsel for Kalamata. Trustees would not be able to perform their duties if they were not allowed to engage in discussions with counsel for debtors, creditors or other parties. *See, e.g., In re Kearns*, 162 B.R. 10, 12 (Bankr. D. Kan. 1993) ("The allegation that the trustee had extensive conversations with attorneys for debtor's creditors is not a violation of the trustee's duties. Rather, such conversations are generally necessary to fulfill the trustee's duty to investigate the debtor's financial affairs.").
>
> . . .
>
> Conversations between or among Trustee, counsel for Kalamata, or Ms. Lee's counsel are not ex parte communications. As discussed above, no ex parte communication occurred in this case.

Docket #162 at *9.

Finally, the Trustee Recusal Motion offers no factual basis for the assertion Trustee is improperly influencing proceedings. Because Ms. Lee has not shown facts in support of her recusal request, the Court must deny the Trustee Recusal Motion.

**CONCLUSION**

Accordingly, it is

ORDERED, Debtor Michelle Deon Lee's Motion for Bankruptcy Trustee's Recusal Due to Pending Lawsuit is DENIED.


Dated: October 10, 2025                BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge

3