## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:

Michelle Deon Lee,

Debtor.

Case No. 24-16918-KHT

Chapter 7

### ORDER DENYING MOTION TO RECUSE

THIS MATTER comes before the Court on the Motion for Judge's Recusal Due to Pending Lawsuit (docket #269, "Court Recusal Motion") filed by Debtor Michelle Deon Lee ("Ms. Lee").

Ms. Lee filed a Chapter 13 Bankruptcy case on November 20, 2024. Two months later and in response to the Chapter 13 Trustee's Motion to Dismiss due to eligibility concerns, Ms. Lee filed a Motion to Convert her case from a Chapter 13 case to one under Chapter 7 (Docket #55), which the Court granted on February 24, 2025.

On August 29, 2025, Ms. Lee filed her Court Recusal Motion. Ms. Lee argues the Court should be recused because of her pending lawsuit, *Lee v. Tyson et al*. Case 25-cv-02161-LTB-RTG, filed in the United States District Court (the "District Court Lawsuit").[1]

### DISCUSSION

Ms. Lee asks the Court be recused pursuant to 28 U.S.C. § 455(a)[2] because she "currently ha[s] a pending legal matter" against the presiding judge. Ms. Lee further argues the Court did not consider "the Expart communication from the Trustee and the Legal Malpractice from [her] Attorney and the Trustee" and that "false evidence" was entered into the record.

Under 28 U.S.C. § 455(a), "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test for making this determination is a purely objective one: "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). A judge's actual state of mind or lack of partiality are not the issue. *Id.*

---

[1] On September 23, 2025, the Magistrate Judge assigned to the District Court Lawsuit recommended it be dismissed.

[2] In her motion, Ms. Lee asserts alleged violations of 42 U.S.C. § 1983 and 18 U.S.C. §§ 1503 and 1512. The District Court will address these issues in the District Court Lawsuit.

Ms. Lee has not shown a reasonable person would harbor doubts about the Court's impartiality based on the District Court Lawsuit. A "judge is not disqualified merely because a litigant sues or threatens to sue him." *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977).

Though *ex parte* communications might cause a reasonable person to question a judge's impartiality, no *ex parte* communication is alleged or actually occurred in this case. An "*ex parte* communication" is defined as "[a] communication between counsel or a party and the court when opposing counsel or party is not present." *Ex Parte Communication*, Black's Law Dictionary (12th ed. 2024). Here, Ms. Lee complains of allegedly improper communications between Trustee and her counsel, not communications between Trustee and the Court. Ms. Lee's allegations do not require recusal in this case. *See In re Celotex Corp.*, 137 B.R. 868 (Bankr. M.D. Fla. March 17, 1992) (allegations of *ex parte* communication did not require recusal when emergency hearings were conducted on the record in accordance with applicable rules).

Likewise, to the extent a reasonable person might question the impartiality of a judge who fails to address malpractice committed during a case, Ms. Lee has not shown her attorney or the Chapter 7 Trustee committed malpractice.

While the Court must recuse itself when the statutory grounds set forth in Section 455 have been met, there is a corresponding duty to not recuse when cause has not been shown. *In re Ottman*, 534 B.R. 18, 23 (Bankr. D. Colo. 2015). "Judges should take care not to remove themselves needlessly because a change of umpire in mid-contest may require a great deal of work to be redone . . . and facilitate judge shopping." *Id.* (citing *In re National Union Fire Ins. Co. of Pittsburgh, Pa.*, 839 F.2d 1226, 1229 (7th Cir. 1988)) (internal quotation marks omitted).

Ms. Lee has not shown facts or law supporting her recusal request, so the Court must deny the Court Recusal Motion.

## CONCLUSION

Accordingly, it is

ORDERED, Debtor Michelle Deon Lee's Motion for Judge's Recusal Due to Pending Lawsuit is DENIED.

Dated: October 10, 2025

BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge

2