United States Bankruptcy Court
District of Colorado

In re:                                                                           Case No. 24-16918-KHT
Michelle Deon Lee                                                                Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 1082-1                          User: admin                              Page 1 of 3
Date Rcvd: Oct 10, 2025                       Form ID: pdf904                      Total Noticed: 4

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 12, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| intp | + | John Scanlan, 1726 Champa St, 3E, Denver, CO 80202-2717 |
| cr | + | Kalamata Capital LLC, 1 Blue Hill Plaza, Suite 1509, Pearl River, NY 10965-3165 |
| cr | | Second Creek Ranch Metropolitan District, Altitude Community Law P.C., 555 Zang Street, Suite 100, Lakewood, CO 80228-1011 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: bkmailings@nbsdefaultservices.com | Oct 10 2025 22:27:00 | Cornerstone Home Lending, a Division of Cornerston, 14841 Dallas Parkway, Suite 350, Dallas, TX 75254, UNITED STATES 75254-7685 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 12, 2025                    Signature:         /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 10, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Abbey Ulsh Dreher | |
| | on behalf of Creditor Cornerstone Home Lending  a Division of Cornerstone Capital Bank, SSB abbey.dreher@bonialpc.com |
| Abbey Ulsh Dreher | |
| | on behalf of Defendant Abbey Dreher abbey.dreher@bonialpc.com |
| Abbey Ulsh Dreher | |

District/off: 1082-1
Date Rcvd: Oct 10, 2025

User: admin
Form ID: pdf904

Page 2 of 3
Total Noticed: 4

| | |
|---|---|
| | on behalf of Defendant CornerStone abbey.dreher@bonialpc.com |
| Alison L Berry | |
| | on behalf of Creditor Bellco Credit Union bankruptcyecf@janewaylaw.com |
| Andrea Lynn Betts-Whalen | |
| | on behalf of Creditor JPMorgan Chase Bank  N.A. andrea.betts-whalen@padgettlawgroup.com |
| Aricyn Jaine Dall | |
| | on behalf of Defendant Scott D Toebben bankruptcy@rsmalaw.com |
| Aricyn Jaine Dall | |
| | on behalf of Defendant Trinity Life Insurance bankruptcy@rsmalaw.com |
| Aricyn Jaine Dall | |
| | on behalf of Defendant SN Servicing bankruptcy@rsmalaw.com |
| Aricyn Jaine Dall | |
| | on behalf of Creditor Trinity Life Insurance Company bankruptcy@rsmalaw.com |
| Ciro A. Mestres | |
| | on behalf of Creditor JPMorgan Chase Bank  N.A. mccallaecf@ecf.courtdrive.com, mccallaecf@ecf.courtdrive.com |
| David W. Drake | |
| | on behalf of Creditor Nationstar Mortgage LLC co.ecf@bdfgroup.com |
| Douglas W Brown | |
| | on behalf of Creditor KeyBank National Association dbrown@bdwfd.com  jkreh@bdwfd.com,jmellott@bdwfd.com |
| Heather Deere | |
| | on behalf of Defendant Halliday  Watkins & Mann, P.C. bankruptcyco@hwmlawfirm.com |
| Heather Deere | |
| | on behalf of Defendant Heather L. Deere bankruptcyco@hwmlawfirm.com |
| Heather Deere | |
| | on behalf of Creditor Wilmington Savings Fund Society  FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-4 bankruptcyco@hwmlawfirm.com |
| Heather Deere | |
| | on behalf of Creditor New American Funding  LLC bankruptcyco@hwmlawfirm.com |
| Jeffrey Fleming | |
| | on behalf of Creditor Nationstar Mortgage LLC co.ecf@bdfgroup.com |
| Jeffrey B. Smith | |
| | on behalf of Creditor Second Creek Ranch Metropolitan District jsmith@altitude.law |
| John Scanlan | |
| | on behalf of Interested Party John Scanlan jvscanlan@circlelaw.net |
| Michelle Deon Lee | |
| | Leedreamgoddes@gmail.com |
| N. April Winecki | |
| | on behalf of Creditor Bellco Credit Union bankruptcyecf@janewaylaw.com  nortonlawpc@gmail.com |
| N. April Winecki | |
| | on behalf of Defendant Bellco Credit Union bankruptcyecf@janewaylaw.com  nortonlawpc@gmail.com |
| Rachael Swernofsky | |
| | on behalf of Defendant Barrett  Frappier & Weisserman, LLP co.ecf@bdfgroup.com |
| Rachael Swernofsky | |
| | on behalf of Defendant Barrett Frappier & Weisserman  LLP co.ecf@bdfgroup.com |
| Rachael Swernofsky | |
| | on behalf of Creditor Nationstar Mortgage LLC co.ecf@bdfgroup.com |
| Rachael Swernofsky | |
| | on behalf of Defendant Rushmore Servicing co.ecf@bdfgroup.com |
| Rachael Swernofsky | |
| | on behalf of Defendant Rachael Swernofsky co.ecf@bdfgroup.com |
| Rachael Swernofsky | |
| | on behalf of Creditor Nationstar Mortgage  LLC co.ecf@bdfgroup.com |
| Robert Gregory Busch | |
| | on behalf of Defendant Robert Busch #28565 rob@rgbusch.com |
| Robert Gregory Busch | |
| | on behalf of Creditor Kalamata Capital LLC rob@rgbusch.com |

District/off: 1082-1                        User: admin                          Page 3 of 3
Date Rcvd: Oct 10, 2025                     Form ID: pdf904                       Total Noticed: 4

Tom H. Connolly
                          tom@connollytrustee.com  ecf.alert+Connolly@titlexi.com

US Trustee
                          USTPRegion19.DV.ECF@usdoj.gov


TOTAL: 32

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:

Michelle Deon Lee,

Debtor.

Case No. 24-16918-KHT

Chapter 7

## ORDER DENYING MOTION TO RECUSE

THIS MATTER comes before the Court on the Motion for Bankruptcy Trustee's Recusal Due to Pending Lawsuit (docket #268, "Trustee Recusal Motion") filed by Debtor Michelle Deon Lee ("Ms. Lee").

Ms. Lee filed a Chapter 13 Bankruptcy case on November 20, 2024. Two months later and in response to the Chapter 13 Trustee's Motion to Dismiss due to eligibility concerns, Ms. Lee filed a Motion to Convert her case from a Chapter 13 case to one under Chapter 7 (Docket #55).

The Court granted the Motion to Convert on February 24, 2025 (Docket #74) and Tom Connolly was appointed the Chapter 7 trustee ("Trustee").

On August 29, 2025, Ms. Lee filed her Trustee Recusal Motion. Ms. Lee argues that Trustee should be recused because of her pending lawsuit, *Lee v. Tyson et al.*, Case 25-cv-02161-LTB-RTG, filed against him in United States District Court (the "District Court Lawsuit").[1]

## DISCUSSION

Ms. Lee asks that Trustee "be recused from further participation in these proceedings because [she] currently ha[s] a pending lawsuit against the trustee in federal court."[2] She also argues that Trustee's "participation in ex parte communications, improper influence on judicial proceedings, and allowing the use of an expired motion to unfairly impact the case" amount to grounds for recusal.

Under 11 U.S.C. § 324(a), the Court "may remove a trustee, other than the United States trustee, or an examiner, for cause." Cause for removal includes unwillingness or inability to act as a trustee, financial interests adverse to those of the bankruptcy estate,

---

[1] On September 23, 2025, the Magistrate Judge assigned to the District Court Lawsuit recommended it be dismissed.

[2] In her motions, Ms. Lee alleges violations of violations of 42 U.S.C. § 1983 and 18 U.S.C. §§ 1503 and 1512. The District Court will address these issues in the District Court Lawsuit.

and serious misconduct. *In re Schmitt*, No. 11–16356 HRT, 2011 WL 2132829 (Bankr. D. Colo. May 27, 2011).

At the outset, the Court cannot find cause to remove a case trustee solely because a debtor sues him or her. Though Section 324(a) does not define "cause," Section 324(b) is instructive. Section 324(b) provides that "[w]henever the court removes a trustee … in a case under this title, such trustee … shall thereby be removed in all other cases under this title," unless the court orders otherwise. 11 U.S.C. § 324(b). That Section 324(b) provides for a trustee's removal from *all* cases when cause has been shown suggests that "cause" does not encompass minor conflicts between trustees and *particular* debtors. *See In re Schmitt*, 2011 WL 2132829 at *2. Though a pending lawsuit against a trustee is certainly inconvenient, the Court finds, without more, it is insufficient to warrant removal under the Bankruptcy Code.

Second, though it is unclear what Ms. Lee means by "ex parte communications," the Court believes she is referring to out-of-court conversations between Trustee and her counsel as well as between Trustee and creditors. These have already been addressed in the order entered at docket #162. As the Court indicated there, Fed. R. Bankr. P. 9003 does not prohibit unsupervised interactions between case trustees and creditors, nor does it require a case trustee to seek the debtor's permission each time he wishes to act:

> After the § 341 meeting, Trustee contacted counsel for Kalamata and discussed the need to correct the Court Order. As the Court explained to Ms. Lee at the June 20, 2025, hearing, there is nothing improper about Trustee's contact with counsel for Kalamata. Trustees would not be able to perform their duties if they were not allowed to engage in discussions with counsel for debtors, creditors or other parties. *See, e.g., In re Kearns*, 162 B.R. 10, 12 (Bankr. D. Kan. 1993) ("The allegation that the trustee had extensive conversations with attorneys for debtor's creditors is not a violation of the trustee's duties. Rather, such conversations are generally necessary to fulfill the trustee's duty to investigate the debtor's financial affairs.").
>
> . . .
>
> Conversations between or among Trustee, counsel for Kalamata, or Ms. Lee's counsel are not ex parte communications. As discussed above, no ex parte communication occurred in this case.

Docket #162 at *9.

Finally, the Trustee Recusal Motion offers no factual basis for the assertion Trustee is improperly influencing proceedings. Because Ms. Lee has not shown facts in support of her recusal request, the Court must deny the Trustee Recusal Motion.

**CONCLUSION**

Accordingly, it is

ORDERED, Debtor Michelle Deon Lee's Motion for Bankruptcy Trustee's Recusal Due to Pending Lawsuit is DENIED.

Dated: October 10, 2025                    BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge